Peter HOIRUP; Yolanda Hoirup, husband and wife, Plaintiffs—Appellants,

v.

ALASKA AIRLINES, INC., a Washington corporation, Defendant—Appellee.

No. 02–35527.

D.C. No. CV–01–01845–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 1, 2003.

---

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

### MEMORANDUM

Peter Hoirup appeals the district court's summary judgment in favor of Alaska Airlines. After Alaska Airlines discharged Hoirup for suspected theft of company property, he successfully sought arbitration pursuant to a collective bargaining agreement ("CBA"), and was ordered reinstated with backpay. Hoirup then filed suit seeking additional remedies under Washington state law. The district court concluded that his state law claims were preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The RLA, which applies to the airline industry, preempts state law claims that are predicated upon the violation of a CBA.[1] *Int'l Brotherhood of Elec. Workers v. Hechler*, 481 U.S. 851, 859–62, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 218, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). An employee "covered by a collective-bargaining agreement is permitted" under the RLA, however, "to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Caterpillar v. Williams*, 482 U.S. 386, 396, 107 S.Ct.

2425, 96 L.Ed.2d 318 (1987); *see also Livadas v. Bradshaw*, 512 U.S. 107, 116, 122–23, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994).

As the district court correctly concluded, Hoirup's state law claims are predicated upon his wrongful termination under the CBA. Absent the applicable provisions of the CBA, he could have been terminated without cause. *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081, 1084 (1984) (under Washington law, absent a contract, statute, or public policy to the contrary, employees may be terminated "at will"). The CBA provides the remedies for a wrongful termination. Hoirup's state law claims for additional remedies are preempted. *Lueck*, 471 U.S. at 211, 218; *see also Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 94–95, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978).

**AFFIRMED.**

---

1. The standard used in cases under the Labor Management Relations Act is applicable to cases covered by the RLA. *Hawaiian Airlines v. Norris*, 512 U.S. 246, 260, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994).